| AO 10<br>Rev. 1/2021 | **FINANCIAL DISCLOSURE REPORT**<br>**FOR CALENDAR YEAR 2022** | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 101-111)* |
|---|---|---|

| 1. Person Reporting (last name, first, middle initial)<br><br>THOMAS, CLARENCE | 2. Court or Organization<br><br>SUPREME COURT OF THE UNITED STATES | 3. Date of Report<br><br>08/09/2023 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>ASSOCIATE JUSTICE | 5a. Report Type (check appropriate type)<br><br>☐ Nomination  Date<br>☐ Initial  ☑ Annual  ☐ Final<br><br>5b. ☐  Amended Report | 6. Reporting Period<br><br>01/01/2022<br>**to**<br>12/31/2022 |

| 7. Chambers or Office Address<br><br>SUPREME COURT OF THE UNITED STATES<br>1 FIRST STREET, N.E.<br>WASHINGTON, D. C. 20543 |
|---|

| ***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts,*<br>*checking the NONE box for each part where you have no reportable information.* |
|---|

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐   NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Honorary Member, Board of Directors | Horatio Alger Association |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑   NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. 12/20/2022 | Antonin Scalia Law School at George Mason | $12,000.00 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2022 | Liberty Consulting, Inc. - salary and benefits |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS *-- transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | Harlan Crow | 2/3/2022 - 2/5/2022 | Dallas, Texas | Keynote Speaker at American Enterprise Institute's Conference at Old Parkland | Transportation (only return flight) and meals. Flew private on return trip due to unexpected ice storm. |
| 2. | Hatch Center | 3/10/2022 - 3/12/2022 | Salt Lake City, Utah | Featured Speaker | Transportation, meals, and lodging |
| 3. | Harlan Crow | 5/12/2022 - 5/14/2022 | Dallas, Texas | Keynote Speaker at American Enterprise Institute's Conference at Old Parkland | Transportation and meals - See Part VIII. |
| 4. | Harlan Crow | 7/7/2022 - 7/13/2022 | Keese Mill, NY | Guests of source | Transportation, meals and lodging - See Part VIII. |

| Name of Person Reporting | Date of Report |
|---|---|
| **THOMAS, CLARENCE** | 08/09/2023 |

5. _____  _____  _____  _____  _____

| Name of Person Reporting | Date of Report |
|---|---|
| **THOMAS, CLARENCE** | 08/09/2023 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

✔     NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

✔     NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| THOMAS, CLARENCE | 08/09/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. MONY Flexible Premium Adjustable Life n/k/a AXA Universal Life Policy | D | Dividend | M | T | | | | | |
| 2. MONY Whole - n/k/a/ AXA Universal Life Policy | C | Dividend | | | Redeemed | 10/19/22 | M | F | |
| 3. Equitable Variable Universal Life Policy Y | | | | | | | | | |
| 4. -70% S&P 500 Index account | B | Dividend | L | T | | | | | |
| 5. -30% Guaranteed account | A | Interest | K | T | | | | | |
| 6. Wells Fargo IRA CD | A | Interest | J | T | | | | | |
| 7. Ginger Holdings, LLC (formerly Ginger, LTD, Partnership) | F | Rent | O | W | | | | | |
| 8. Congressional Federal Credit Union (Cash Accounts) Y | A | Interest | M | T | | | | | |
| 9. Liberty Consulting, Inc. | | None | J | U | | | | | |
| 10. Vanguard IRA (H) | | | | | | | | | |
| 11. -VANGUARD FEDERAL MONEY MARKET FUND | A | Dividend | J | T | | | | | |
| 12. -VANGUARD EMERGING MARKETS STOCK INDEX ADMIRAL CL VEMAX | A | Dividend | K | T | | | | | |
| 13. -VANGUARD 500 INDEX ADMIRAL CL VFIAX | B | Dividend | M | T | Sold (part) | 02/18/22 | M | D | |
| 14. -VANGUARD HEALTHCARE INVESTOR CL (VGHCX) | B | Dividend | K | T | | | | | |
| 15. -VANGUARD SMALL CAP VALUE INDEX ADMIRAL CL (VSIAX) | B | Dividend | L | T | | | | | |
| 16. -VANGUARD TOTAL INTL STOCK INDEX ADMIRAL CL (VTIAX) | A | Dividend | K | T | | | | | |
| 17. -VANGUARD VALUE INDEX ADMIRAL CL | B | Dividend | L | T | Sold (part) | 02/18/22 | L | D | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| **THOMAS, CLARENCE** | 08/09/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. -VANGUARD WELLINGTON ADMIRAL CL (VWENX) Y | B | Dividend | L | T | Buy | 03/15/22 | L | | |
| 19. -VANGUARD WELLESLEY INCOME ADMIRAL CL (VWIAX) Y | D | Dividend | M | T | Buy | 02/18/22 | M | | |
| 20. -MORGAN STANLEY BANK NA SLC, UT CD FDIC #32992 CPN 2.800% DUE 3/14/22 | A | Interest | | | Redeemed | 03/14/22 | K | A | |
| 21. -CENTERSTATE BANK WINTER HAVEN FL CD FDIC#33555 CPN 1.000% DUE 3/31/25 | A | Interest | L | T | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

During the preparation and filing of this report, filer sought and received guidance from the Supreme Court's Legal Office, the Counselor to the Chief Justice, the staff of the Judicial Conference Financial Disclosure Committee ("Committee"), and personal counsel. Filer continues to work with Supreme Court officials and the Committee staff for guidance on whether he should further amend his reports from any prior years. Based on those discussions, the information below addresses the new travel disclosure requirements which began coverage with calendar year 2022, personal bank accounts and his spouse's life insurance that were inadvertently omitted from prior reports for the covered period 2017 thru 2021, mistaken name of spouse's family real estate holding, and a real estate transaction that predated the covered period.

TRAVEL

As relates to the personal hospitality reporting exemption, filer has included all reportable travel on his Calendar Year 2022 Report, in accordance with the new rules that went into effect on March 14, 2023, as advised by the Supreme Court's Legal Office, the Counselor to the Chief Justice, the staff of the Judicial Conference Financial Disclosure Committee, and personal counsel.

On March 14, 2023, the Judicial Conference provided new guidance on the "personal hospitality" exemption to explicitly state for the first time that "transportation that substitutes for commercial transportation" will no longer be considered exempt from reporting under that provision. As a result, filer will report any such trips, beginning with this filing for calendar year 2022.

Prior to the March 14, 2023 guidance, filer adhered to the then existing judicial regulations as his colleagues had done, both in practice and in consultation with the Judicial Conference, that exempted disclosing trips that were provided pursuant to the "personal hospitality" exemption, as set forth in the statute and rules. As far back as the 1984 Judicial Conference guidance, under the section titled, "Gifts of transportation, lodging, food, or entertainment," filers were instructed to:

Exclude gifts received as the personal hospitality of any individual. The Act defines 'personal hospitality of any individual' as 'hospitality extended for a non-business purpose by an individual, not a corporation or an organization, at the personal residence of that individual or his family or on property or facilities owned by that individual or his family.

Guide to Judiciary Policies and Procedures (1984) at 843-44.

The Judicial Conference, which is charged by the Ethics in Government Act, 5 U.S.C. app. §§ 13101-13111, with implementing this law for the judiciary, has provided written guidance through its regulations and advice interpreting the statute that such travel need not be reported. In fact, filer is not aware of anything in the Judicial Conference regulations issued for more than thirty years or in any advice provided by the Judicial Conference to judges that is inconsistent with this position.

For example, Judge Raymond Randolph, who served on the Judicial Conference Codes of Conduct Committee from 1992-98, including as chairman from 1995-98, received guidance in 2006 from Judicial Conference staff, as reflected in contemporaneous notes, that he did not have to report travel on a private jet and at a lodge based on the personal hospitality exemption. Filer was also so advised by Conference staff, and in conversations with court officers and colleagues early in his tenure on the Court.

In Part IV, Line 3: With advice of the Administrative Office, flights were reported as advised. Because of the increased security risk following the Dobbs opinion leak, the May flights were by private plane for official travel as filer's security detail recommended noncommercial travel whenever possible.

In Part IV, Line 4: Flights to and from Adirondacks by private plane and lodging, food, and entertainment at the Adirondacks property, were reportable under and in compliance with the new guidance and, according to advice from the staff of the Judicial Conference Financial Disclosure Committee (July 10), to be listed under "reimbursements" not "gifts." This is consistent with previous filings by other filers.

BANK ACCOUNTS, SPOUSE'S LIFE INSURANCE, & FAMILY REAL ESTATE HOLDING

2022: Part VII, Line 3: Life insurance policy, owned by spouse, was inadvertently omitted from prior reports during the covered period. Part VII, Line 7: On or around February 17, 2006, Ginger LTD, Partnership changed its legal name to its present name of Ginger Holdings LLC. The name change was in conjunction with a conversion to an LLC from a limited partnership as permitted under Nebraska state law. Due to the similarity in names, filer inadvertently carried the old name on prior reports during the covered period. Part VII, Line 8: Personal bank accounts at Congressional Federal Credit Union were inadvertently omitted in prior years due to a misinterpretation of the rules. Filer believed that personal bank accounts were exempt from reporting disclosure.

Filer discloses the following assets that were inadvertently omitted from his reports during the covered period 2017 thru 2021:

2021: Bank accounts at Congressional Federal Credit Union were inadvertently omitted. Combined bank account balances at year-end were under $55,000 and earned less than $200 in interest. Life insurance policy of spouse held through Equitable was inadvertently omitted. Year-end cash value was under $100,000 and earned $5,000 or less in income.

2020: Bank accounts at Congressional Federal Credit Union were inadvertently omitted. Combined bank account balances at year-end were under $110,000 and earned less than $400 in interest. Life insurance policy of spouse held through Equitable was inadvertently omitted. Year-end cash value was under $100,000 and earned $2,500 or less in income.

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

2019: Bank accounts at Congressional Federal Credit Union were inadvertently omitted. Combined bank account balances at year-end were under $50,000 and earned less than $400 in interest. Life insurance policy of spouse held through Equitable was inadvertently omitted. Year-end cash value was under $100,000 and earned $2,500 or less in income. The policy at Equitable had previously been held at MONY Life Insurance Company of America but was terminated on or around December 16, 2019, and rolled over into Equitable in a tax-free exchange under Internal Revenue Code §1035. Prior to the rollover, the MONY Life Insurance Company of America life insurance policy had a cash value of under $100,000 and earned $2,500 or less in income.

2018: Bank accounts at Congressional Federal Credit Union were inadvertently omitted. Combined bank account balances at year-end were under $70,000 and earned less than $300 in interest. Life insurance policy of spouse held through MONY Life Insurance Company of America was inadvertently omitted. Year-end cash value was under $100,000 and earned $2,500 or less in income.

2017: Bank accounts at Congressional Federal Credit Union were inadvertently omitted. Combined bank account balances at year-end were under $10,000 and earned less than $300 in interest. Life insurance policy of spouse held through MONY Life Insurance Company of America was inadvertently omitted. Year-end cash value was under $100,000 and earned $2,500 or less in income.

SAVANNAH REAL ESTATE TRANSACTION

Although outside the covered period, filer provides the following supplemental information regarding the 2014 disposition of certain real estate interests he held with members of his family in Savannah, Georgia. In 1984, filer inherited a 1/3 interest in three properties: his mother's residence and two additional houses on the same street.

In 2014, Mr. Harlan Crow, a longtime friend of filer and his wife, bought all three properties for $133,000, along with other houses/lots on the same street. Filer and his wife had put between $50,000 to $75,000 into his mother's home in capital improvements over the years, and therefore, the transaction amounted to a capital loss.

Filer had previously reported his interest in two of the Savannah properties (excluding his mother's residence) in the years when they generated rental income. Once these properties no longer generated any rental income, filer was advised by Committee staff to remove the two properties from his disclosure forms. However, filer inadvertently failed to realize that the "sales transaction" for the final disposition of the three properties triggered a new reportable transaction in 2014, even though this sale resulted in a capital loss.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ CLARENCE THOMAS**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544